UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03820-JLS-E                                   Date: June 22, 2026
Title:  Dustin Rhodes v. Federal Express Corporation, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| :---: | :---: |
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING MOTION TO REMAND (Doc. 14)**

Before the Court is a Motion to Remand filed by Plaintiff Dustin Rhodes.  (Mot., Doc. 14.)  Defendant Federal Express Corporation ("FedEx") opposed, and Plaintiff responded.  (Opp., Doc. 15; Reply, Doc. 16.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for June 26, 2026, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff Dustin Rhodes worked as a long-time Class A tractor-trailer driver for Defendant FedEx.  (Not. of Removal ¶ 4, Doc. 1; *see also* Ex. 1 to Kray Decl. ("Compl.") ¶ 16, Doc. 1-1.)  FedEx terminated Plaintiff on June 6, 2024.  (Not. of Removal ¶ 30.)  Plaintiff alleges that his termination stemmed from a campaign of discrimination, harassment, and retaliation by his former supervisor, Gary Hall.  (*See generally* Complaint.)  Plaintiff filed his Complaint in Los Angeles County Superior Court on February 17, 2026, bringing claims against FedEx and Hall for: (1) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) failure to reasonably accommodate; (3) failure to engage in the interactive process;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03820-JLS-E                           Date: June 22, 2026

Title:  Dustin Rhodes v. Federal Express Corporation, et al.

(4) harassment in violation of FEHA; (5) failure to prevent discrimination and/or retaliation; (6) retaliation in violation of FEHA; (7) wrongful termination in violation of public policy.  Plaintiff seeks economic and consequential damages, unpaid wages, non-economic and emotional distress damages, punitive damages, prejudgment interest, attorney's fees, and costs.  (Compl. at 24.)

FedEx removed the case on April 10, 2026, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Not. of Removal ¶ 1.)  The Notice of Removal represents that Plaintiff is a citizen of California, Defendant Hall is a citizen of Georgia, and Defendant FedEx is a citizen of Delaware and Tennessee.  (*Id.* ¶¶ 13, 16, 18.)  FedEx represents that the amount in controversy includes $143,616 in compensatory damages for unpaid wages as of the time of removal.  (*Id.* ¶ 30.)  FedEx additionally represents that the amount in controversy includes substantial sums for emotional distress damages, attorney's fees, and punitive damages.  (*Id.* ¶¶ 30–40.)  Plaintiff timely filed the present Motion to Remand, arguing that FedEx has not shown that the amount in controversy or citizenship requirements are met.  (Mot.)

## II.    <u>LEGAL STANDARD</u>

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

A removing defendant's Notice of Removal must include "plausible allegations of the jurisdictional elements." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021).  "[T]he amount in controversy allegation of a defendant seeking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03820-JLS-E                                Date: June 22, 2026

Title:  Dustin Rhodes v. Federal Express Corporation, et al.

federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *see also id.* (applying *Dart Cherokee* outside the CAFA context). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (cleaned up, internal quotation marks omitted). "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "We strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### III.   ANALYSIS

#### A.   Amount in Controversy

FedEx calculated Plaintiff's potential lost wages at the time of removal by using Plaintiff's wage of $37.40 per hour as a full-time employee.  This wage calculation produces a figure of $1,496 per week.  FedEx then represented that approximately 96 weeks elapsed between Plaintiff's termination on June 6, 2024 and the date of the Notice of Removal, April 10, 2026.  Thus, FedEx estimated approximately $143,616 of economic damages in back pay alone.  (Opp. at 14.)  Plaintiff argues that this calculation does not take his efforts to mitigate damages through subsequent employment into account.  (Mot. at 11.)  Plaintiff argues, without support, that the true estimate of economic damages at the time of removal is approximately $33,797.50.  (*Id.*)

But affirmative defenses are not considered at the removal stage.  That is because "[t]he amount in controversy represents only the 'amount at stake in the underlying litigation,' not the likely liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03820-JLS-E                              Date: June 22, 2026

Title:  Dustin Rhodes v. Federal Express Corporation, et al.

(9th Cir. 2016)).  Thus, "just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense."  *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010)).  Other courts in this district have concluded that this rule applies with equal force to a defense for mitigation of damages.  *Johnson v. Wal-Mart Assocs., Inc.*, 2023 WL 2713988, at *6 (C.D. Cal. Mar. 30, 2023) (Fitzgerald, J.) (collecting cases).  This Court similarly sees no reason to treat a mitigation defense differently from other affirmative defenses.

Accordingly, the fact that FedEx may succeed on an argument that its liability should be reduced due to mitigation does not reduce the amount in controversy.  Because Plaintiff does not dispute the elements of FedEx's wage calculations, the Court determines the economic damages at stake to be at least $143,616, exceeding the jurisdictional threshold.  Because economic damages alone satisfy the amount in controversy requirement, the Court need not address Plaintiff's remaining arguments regarding non-economic damages, punitive damages, and attorney's fees.

### B.  Citizenship

Plaintiff additionally argues that FedEx did not provide sufficient documentation to establish the citizenship of Defendant Hall.  (Mot. at 15–16.)  FedEx represents that Hall is a citizen of Georgia.  (Notice of Removal ¶ 18.)  Plaintiff initially argues that "FedEx does not submit a declaration from Hall himself attesting to his state of domicile, his residence or his intent to remain in Georgia."  (Mot. at 15.)  FedEx attached a declaration by Gary Hall to its opposition, representing that at both the time of filing the original complaint and notice of removal he "was a resident and citizen of the State of Georgia, and [he] maintained no residence in California."  (Hall Decl. ¶ 9, Doc. 15-1.)

The only argument Plaintiff raises in Reply is that there is "little time for Plaintiff to verify this information."  (Reply at 5.)  Plaintiff further argues that ongoing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03820-JLS-E                                       Date: June 22, 2026

Title:  Dustin Rhodes v. Federal Express Corporation, et al.

work-related conduct, as well as the actions at issue in this case, took place in California. (*Id.*)  However, these allegations do little to undermine the veracity of Hall's representations that he is domiciled in Georgia.  Similarly, the allegations of Hall's ongoing workplace activity in California are irrelevant to Hall's domicile.  Accordingly, FedEx has established diversity of citizenship.

**IV.     CONCLUSION**

For the above reasons, Plaintiff's Motion is DENIED.

Initials of Deputy Clerk: kd